```
                                              FILED
                                         U.S. DISTRICT COURT
                                       EASTERN DISTRICT OF LA

                                       2005 DEC 23  AM 11: 15

                                        LORETTA G. WHYTE
                                              CLERK
```

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ANTHONY WELLS                                    CIVIL ACTION

VERSUS                                           NO. 05-1525

THE CITY OF NEW ORLEANS                          SECTION "K" (3)
NEW ORLEANS POLICE DEPT., ET AL.

### REPORT AND RECOMMENDATION

Plaintiff, Anthony Wells, filed the above-captioned *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 against the New Orleans Police Department, Officer Hunter, and Officer Brown. In this lawsuit, plaintiff claims that he was falsely arrested four times for public intoxication.

At the time plaintiff filed this lawsuit, he was incarcerated within the Orleans Parish Prison system at the Templeman facility. However, the Court has since been informed that plaintiff is no longer incarcerated within the Orleans Parish Prison system.

The complaint plaintiff signed contained the following declaration: "I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice."[1] Plaintiff has failed to meet that obligation, and his current whereabouts are unknown. Because plaintiff has not filed a

---

[1] Rec. Doc. 1, Complaint, p. 4.



change of address, the Court has no way to contact him or advance his case on the docket. Therefore, it is appropriate to dismiss this lawsuit without prejudice for failure to prosecute.

The authority of a federal trial court to dismiss a plaintiff's action because of failure to prosecute is clear. Link v. Wabash R.R., 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988). The Federal Rules of Civil Procedure specifically provide that a court may, in its discretion, dismiss a plaintiff's action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court and that such a dismissal is considered to be an adjudication on the merits. Fed.R.Civ.P. 41(b). The court's power to dismiss for want of prosecution should be used sparingly, although it may be exercised *sua sponte* whenever necessary to achieve the orderly and expeditious disposition of cases. Ramsay v. Bailey, 531 F.2d 706, 707 (5th Cir. 1976).

Because plaintiff is proceeding *pro se*, the Court need only consider his conduct in determining whether dismissal is proper under Rule 41(b). As noted, plaintiff has failed to provide this Court with his current address. This Court has no way to contact him to schedule a preliminary conference or to otherwise advance his case.

### RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal

2

the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 22 day of December, 2005.

DANIEL E. KNOWLES, III
UNITED STATES MAGISTRATE JUDGE